UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA

–against–

MICHAEL HLADY,

Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
20-CR-008-2 (MKB)

MARGO K. BRODIE, United States District Judge:

On March 19, 2024, Michael Hlady pled guilty to a single-count superseding information, charging wire fraud in violation of 18 U.S.C. § 1343. (Waiver of Indictment and Change of Plea Hr'g dated Mar. 19, 2024.) On December 9, 2025, the Court sentenced Hlady to fifteen months of imprisonment and three years of supervised release. (J. of Conviction, Docket Entry No. 165.) On February 18, 2026, the Court imposed restitution in the amount of $70,000. (Am. J. dated Feb. 18, 2026.)

On September 30, 2026, proceeding *pro se*, Hlady filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] According to the Bureau of Prisons ("BOP"), Hlady has a recommended home confinement date of December 15, 2026. (Bureau of Prisons' Resp. to Def.'s Request ("BOP's Resp.") 3, annexed to Def.'s Notice as Ex. 3, Docket Entry No. 185-3.) The Government opposes the motion. (Gov't's Opp'n to Def.'s Mot. ("Gov't's

[1] (Def.'s Mot. for Compassionate Release ("Def.'s Mot."), Docket Entry No. 179; Def.'s Mem. in Supp. of Def.'s Mot. ("Def.'s Mem."), Docket Entry No. 180; Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 184; Def.'s Notice re Admin. Exhaustion in Supp. of Def.'s Mot. ("Def.'s Notice"), Docket Entry No. 185.)

Opp'n"), Docket Entry No. 181.) For the reasons discussed below, the Court denies Hlady's motion for compassionate release.

## I. Background

### a. Criminal proceeding

On January 10, 2020, a grand jury indicted Hlady, charging him with: (1) Hobbs Act extortion conspiracy in violation of 18 U.S.C. § 1951(a); (2) Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a); and (3) conspiracy to transmit interstate communications with intent to extort. (Indictment, Docket Entry No. 30.) While on pretrial release for the indicted charges, Hlady defrauded two individuals of $70,000. (Presentence Investigation Report ("PSR") Addendum 2–3, Docket Entry No. 141.) First, Hlady defrauded the owner of a Long-Island cancer research business ("Victim 1") who was seeking to obtain Food and Drug Administration ("FDA") authorization for a product. (*Id.* at 2.) Hlady represented to Victim 1 that he could connect Victim 1 with an attorney connected to the FDA. (*Id.*) Victim 1 paid Hlady $20,000, believing that Hlady gave the funds to the attorney as legal fees. (*Id.*) The attorney did not exist. (*Id.*) Second, Hlady impersonated a "prominent businessman and philanthropist," and offered "consulting services" to a representative of a company ("Victim 2"). (*Id.* at 3.) Victim 2 paid Hlady $50,000 for his consulting services. (*Id.*)

On March 19, 2024, the Court allowed Hlady to withdraw his guilty plea to Hobbs Act extortion conspiracy and, pursuant to a new plea agreement which included his post-indictment conduct, Hlady waived indictment and pled guilty to a single-count superseding information, charging him with wire fraud in violation of 18 U.S.C. § 1343. (Superseding Info., Docket Entry No. 133; Waiver of Indictment, Docket Entry No. 134; Waiver of Indictment and Change of Plea Hr'g dated Mar. 19, 2024.) On December 9, 2025, the Court sentenced Hlady to fifteen months of imprisonment and three years of supervised release. (J. of Conviction.) On February 18,

2026, the Court imposed a restitution order in the amount of $70,000. (Am. J. dated Feb. 18, 2026.)

### b. Motion for compassionate release

On September 30, 2026, proceeding *pro se*, Hlady filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Def.'s Mot.) In support, Hlady argues that the Court should grant him compassionate release because of: (1) his mother's stage IV colon cancer diagnosis for which she was no longer receiving chemotherapy and was in palliative care; (2) his benign brain tumor; and (3) his father's immediate care needs. (Def.'s Mot. 2.) Hlady further argues that the factors set forth in 18 U.S.C. § 3553(a) support his release. (*Id.* at 3–4.) On October 9, 2026, Hlady filed a letter notifying the Court of his mother's passing and requesting that the Court grant his compassionate release motion. (Def.'s Emergency Suppl. Notice of Death of Immediate Family Member ("Def.'s Suppl."), Docket Entry No. 183.)

Hlady now argues that compassionate release should be granted so that he may (1) "handle immediate funeral logistics [and] manage bereavement"; and (2) "provide essential support to his solitary, [eighty-eight]-year-old surviving father." (Def.'s Reply 2.)

## II. Discussion

### a. Standard of review

"[O]ther than the limited exceptions provided by statutes . . . courts are not free to modify sentences at will." *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020); *United States v. Boyle*, No. 03-CR-970, 2024 WL 4836339, at *2 (E.D.N.Y. Nov. 20, 2024) ("A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." (internal quotation marks omitted) (quoting *United States v. Applewhite*, No. 17-CR-142, 2020 WL 7356615, at *3 (E.D.N.Y. Dec. 15, 2020))), *aff'd*, No. 24-3269 (2d Cir. Apr. 20, 2026). "A district court may, in an exercise of its discretion, reduce an inmate's term of imprisonment by

granting a motion brought under 18 U.S.C. § 3582(c)(1)(A) — the 'compassionate release' provision." *United States v. Van Der End*, No. 21-2079, 2023 WL 193633, at *1 (2d Cir. Jan. 17, 2023) (summary order). "[T]here are three requirements that must be satisfied before a court can grant such relief" — namely, (1) "absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities"; (2) "a court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable'"; and (3) "the inmate must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (second and third alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)); *see also United States v. Rodriguez*, 147 F.4th 217, 222 (2d Cir. 2025) (listing the same three factors); *United States v. Seabrook*, No. 23-6279, 2025 WL 3484616, at *2 (2d Cir. Dec. 4, 2025) (summary order) (quoting *Keitt*, 21 F.4th at 71); *United States v. Pimentel*, No. 23-7096, 2025 WL 783730, at *2 (2d Cir. Mar. 12, 2025) (summary order) (quoting same); *United States v. Isaac*, No. 22-2758, 2024 WL 1597614, at *2 (2d Cir. Apr. 12, 2024) (summary order) (listing the three requirements as "(1) the defendant has exhausted administrative remedies, (2) the § 3553(a) sentencing factors favor a sentence reduction, and (3) the defendant's circumstances are extraordinary and compelling" (citing *Keitt*, 21 F.4th at 71)); *United States v. Barnett*, No. 21-2319, 2023 WL 2375684, at *1 (2d Cir. Mar. 7, 2023) (summary order) (same); *United States v. Fox*, No. 22-10, 2023 WL 379539, at *1 (2d Cir. Jan. 25, 2023) (summary order) (citing 18 U.S.C. § 3582(c)(1)(A)(i)) (same); *United States v. Davis*, No. 21-716, 2022 WL 1320316, at *2 (2d Cir. May 3, 2022) (summary order) (citing *Keitt*, 21 F.4th at 71) (same); *see also Rutherford*

*v. United States*, 608 U.S. 454, 470 (2026) (affirming that a court may grant compassionate release after considering whether "'extraordinary and compelling' reasons [ ] 'warrant' compassionate release" and considering the factors set forth in 18 U.S.C. § 3553(a)).

"Before determining the extent of a reduction based on the § 3553(a) factors, a court must first ensure that the movant is part of the 'limited class of prisoners' who are 'eligibl[e]' for such a reduction. And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the § 3553(a) factors." *Rutherford*, 608 U.S. at 470 (alteration in original) (quoting *Dillon v. United States*, 560 U.S. 817, 825, 827 (2010)); *see also United States v. Martinez-Diaz*, No. 16-CR-387, 2026 WL 2731403, at *1 (S.D.N.Y. Sep. 16, 2026) (quoting *Rutherford*, 608 U.S. at 470); *United States v. Moore*, No. 13-CR-487, 2026 WL 2086053, at *2 (E.D.N.Y. July 20, 2026) (quoting same). "This gatekeeping requirement . . . is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." *Rutherford*, 608 U.S. at 470; *see also Martinez-Diaz*, 2026 WL 2731403, at *1 (same).

**b. Administrative exhaustion**

Hlady argues that: (1) the Aleph Institute communicated with Federal Prison Camp Miami on his behalf in August of 2026 to secure a furlough; (2) on October 8, 2026, he submitted a formal request for a home confinement transfer to the BOP; (3) on October 9, 2026, he requested administrative relief from his case manager and facility director; (4) requiring him to wait thirty days before seeking relief from the Court would render the statutory remedy futile; and (5) the Court should waive the administrative exhaustion requirement to prevent catastrophic and irreparable harm. (Def.'s Reply 1–2; Def.'s Declaration 2, annexed to Def.'s Notice as Ex-1, Docket Entry No. 185-1.)

The Government argues that the Court should deny "Hlady's motion [] because he has not made any showing that he filed a motion for sentence modification with the [BOP], that he exhausted his administrative rights to appeal the BOP's failure to bring a motion on his behalf, or that he waited the requisite [thirty] days upon making such a request." (Gov't's Opp'n 5.)

Section 3582(c) permits a defendant to file a motion for compassionate release after "the defendant has fully exhausted all administrative rights . . . *or* the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added); *United States v. Rodriguez*, 147 F.4th 217, 222 (2d Cir. 2025) (stating that a defendant may file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal . . . *or* the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*" (quoting *id.* (emphasis added))); *United States v. Rounds*, No. 21-2686, 2022 WL 17684589, at *1 (2d Cir. Dec. 15, 2022) (summary order) (holding that to satisfy section 3582(c)(1)(A), a "defendant must fully exhaust all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or [thirty] days must lapse "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier" (alterations incorporated) (quoting 18 U.S.C. § 3582(c)(1)(A))); *Moore*, 2026 WL 2086053, at *3 (quoting same); *United States v. Reid*, No. 05-CR-596-1, 2021 WL 837321, at *3 (E.D.N.Y. Mar. 5, 2021) (quoting same); *United States v. Haney*, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020) (holding that section 3582(c)(1)(A) "requires the defendant *either* to exhaust administrative remedies *or* simply to wait [thirty] days after serving his petition on the warden of his facility before filing a motion in court"); *see also United States v. Monsalvatge*, No. 12-CR-586-2, 2025 WL 307137, at *4 (E.D.N.Y. Jan. 27, 2025) ("That is, the statute does not necessarily require the moving defendant

to fully litigate his claim before the agency (i.e., the BOP) before bringing his petition to court. Rather, it requires the defendant either to exhaust administrative remedies or simply to wait [thirty] days after serving his petition on the warden of his facility before filing a motion in court." (quoting *Haney*, 454 F. Supp. 3d at 321)).

There are circumstances where the administrative exhaustion requirement may be waived, which include "where requiring a defendant to [exhaust] would entirely defeat the ability of the [c]ourt to grant relief," *United States v. Kissi*, 469 F. Supp. 3d 21, 29 (E.D.N.Y. 2020) (alterations in original) (quoting *United States v. Valencia*, No. 15-CR-163, 2020 WL 2319323 at *4 (S.D.N.Y. May 11, 2020)), and "where a recognized exception to exhaustion applies," including where "exhaustion may be unnecessary where it would be futile, . . . the administrative process would be incapable of granting adequate relief," or "pursuing agency review would subject plaintiffs to undue prejudice," *id.* (quoting *United States v. Perez*, 451 F. Supp. 3d 288, 292 (S.D.N.Y. 2020) (alteration in original)); *see also United States v. Delacruz Santana*, No. 16-CR-337, 2024 WL 4449443, at *4 (E.D.N.Y Oct. 2, 2024) ("Some district courts within the Second Circuit have waived [the exhaustion] requirement in contexts where exhaustion would be futile, the administrative process would be incapable of granting adequate relief, or pursuing agency review would result in undue prejudice.").

Although Hlady does not demonstrate that he exhausted his administrative remedies before filing this motion on September 30, 2026, this case does present an exception to the exhaustion requirement. According to the BOP, Hlady has a home confinement eligibility date of December 15, 2026. (BOP's Resp. 3.) Several district courts in the Eastern District of New York have waived the exhaustion requirement where the defendant's release was imminent. *See United States v. Johnson*, 671 F. Supp. 3d 265, 274 (E.D.N.Y. 2023) (waiving exhaustion

requirement where the defendant had "only six to ten months remaining on [his] custodial sentence"); *United States v. Cohen*, No. 17-CR-0372, 2020 WL 3960513, at *2 (E.D.N.Y. July 13, 2020) (waiving exhaustion requirement on futility grounds because the defendant's anticipated release date was within two months of the court's decision on his motion); *United States v. Griffin*, No. 22-CR-408, 2024 WL 2891686, at *2 (E.D.N.Y. June 10, 2024) (waiving exhaustion requirement where "[g]ranting [the defendant's] request would shorten his sentence by only two weeks").

Therefore, although Hlady has not exhausted his remedies, because the Court finds circumstances exist warranting waiver of the exhaustion requirement, Hlady can proceed with his compassionate release motion.

**c. Hlady has not demonstrated extraordinary and compelling circumstances**

Hlady argues that extraordinary and compelling reasons justify relief under 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot. 2.) In support, he argues that: (1) his mother's passing and his desire to handle immediate funeral logistics; (2) his "diagnosed brain tumor"; (3) and his desire to "provide essential support to his solitary, 88-year-old surviving father" constitute extraordinary and compelling circumstances. (*Id.* at 2–3; Def.'s Reply 2.)

The Government argues that "Hlady has not established an extraordinary and compelling reason warranting early release." (Gov't Opp'n 6 (citation modified).) In support, the Government argues that: (1) the Court considered Hlady's brain tumor before sentencing, Hlady has presented no evidence that his condition has worsened, and Hlady makes no claim that his condition cannot be treated while in custody; (2) Hlady provided no indication that he is the only available caregiver for his father; and (3) "[c]ourts have routinely rejected compassionate release applications solely for the care of an elderly parent." (*Id.* 6–7.)

First, while the passing of Hlady's mother is unfortunate, his inability to assist with the funeral arrangements or to attend the funeral does not rise to the level of extraordinary and compelling circumstance. "[T]he inability to participate in funeral rites [is] not an unusual consequence of incarceration." *United States v. Patel*, No. 21-1746, 2022 WL 1634454, at *2 (2d Cir. May 24, 2022) (summary order); *see also United States v. Reese*, No. 12-CR-629, 2022 WL 4467049, at *2 (S.D.N.Y. Sep. 26, 2022) (declining to grant compassionate release so that the defendant "may tend to funeral arrangements for his recently deceased brother").

Second, Hlady's benign brain tumor does not constitute an extraordinary and compelling circumstance. Hlady's condition existed at the time of his sentencing, and he does not argue that his condition has declined, nor that it cannot continue to be managed while he is in custody. *See United States v. Moore*, No. 95-CR-1162, 2026 WL 407382, at *2 (E.D.N.Y. Feb. 13, 2026) (declining to grant compassionate release where "[t]here is no indication that he suffers from a terminal illness, that his medical conditions cannot be managed effectively in prison, or that his ability to care for himself has been substantially diminished as a result of his medical issues"), *recons. denied*, No. 95-CR-1162, 2026 WL 936073 (E.D.N.Y. April 7, 2026); *United States v. Thomas*, No. 12-CR-174, 2025 WL 2879280, at *5 (S.D.N.Y. Oct. 8, 2025) (same); *United States v. Gotti*, 443 F. Supp. 3d 613, 619 (S.D.N.Y. 2020) (same). Moreover, the Court cannot evaluate Hlady's conclusory statements regarding his health without supporting information and therefore cannot determine that he has shown extraordinary and compelling reasons based on his health. *See United States v. Star*, No. 20-1999, 2022 WL 2165895, at *1 (2d Cir. June 16, 2022) (summary order) (affirming denial of compassionate release motion where "[t]he actual severity of [the defendant's] medical conditions is unclear because he provided no records" (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992))); *United States v. Gaton*, No. 02-CR-401,

2026 WL 1132836, at *3 (S.D.N.Y. Apr. 27, 2026) (holding that the defendant's generalized allegations of inadequate care do not suffice to show that the BOP failed to attend to his medical conditions and finding they do not rise to the level of extraordinary and compelling circumstances); *United States v. Castellanos*, No. 13-CR-40-1, 2023 WL 5333198, at *3–4 (S.D.N.Y. Aug. 18, 2023) (holding that defendant's "generalized assertions" of inadequate medical treatment did not constitute extraordinary and compelling circumstances). Because Hlady fails to present any new circumstances regarding his health, he has failed to demonstrate that his health conditions constitute extraordinary and compelling reasons warranting compassionate release.

Third, Hlady has neither alleged nor established that his father is incapable of self-care or that Hlady is the only available caregiver for his father. (*See generally* Def.'s Mot.) While the Court sympathizes with his family circumstances, Hlady's arguments are insufficient to constitute extraordinary and compelling reasons for his release. He argues that his [eighty-eight]-year-old father "requires daily living assistance and immediate support." (*Id.* at 2.) However, Hlady has not provided an adequate explanation or introduced any medical evidence to show that his father is incapable of self-care. (*See generally id.*) In addition, while Hlady states that he will "provide support" to his father, Hlady has not provided any evidence to support that he is the only available caregiver for his father. For example, he does not state who currently cares for father, why they are insufficient, and why other family members cannot serve as his father's caregiver. (*See generally id.*) Without evidence that (1) Hlady's father is incapable of self-care and (2) that Hlady is the only available caregiver for his father, Hlady has not shown that his familial circumstances rise to the level of extraordinary and compelling reasons in support of his application for compassionate release. *See United States v. Vega*, No. 17-CR-283,

2025 WL 2323769, at *4 (S.D.N.Y. Aug. 12, 2025) (requiring the defendant show that the family member was uncared for in the defendant's absence to prove that the defendant is the "only available caregiver"); *United States v. Williams*, No. 00-CR-1008, 2024 WL 5119893, at *5 (S.D.N.Y. Dec. 16, 2024) (declining to find that the defendant's family circumstances were extraordinary and compelling because he failed to allege or establish that his adult child was incapable of self-care or that he was the only available caregiver for his grandson); *United States v. Olangian*, No. 12-CR-798, 2024 WL 4372135, at *5 (S.D.N.Y. Oct. 2, 2024) (declining to find the defendant's family circumstances were extraordinary and compelling because he failed to allege that his adult son's other caregivers, including the defendant's wife and other son, had become incapacitated or died, such that the defendant was the only available caregiver); *United States v. Mendez-Rojas*, No. 11-CR-929, 2024 WL 4345561, at *4 (S.D.N.Y. Sep. 30, 2024) (finding insufficient the defendant's argument that he could be his father's "primary caregiver" for failing to establish that "there are no other relatives or friends who can play the role" (internal quotation marks omitted)); *United States v. Lindsey*, No. 13-CR-271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (declining to find extraordinary and compelling circumstances where the defendant did not meet his burden to show the extent of his family members' need for care, or that there was no other family member or caretaker capable of providing the necessary care). Accordingly, the Court finds that Hlady's concerns about his father are not sufficient to justify Hlady's compassionate release.

**d. The section 3553(a) factors do not favor release**

Hlady argues that the section 3553(a) factors support immediate release. (Def.'s Mot. 3.) In support, Hlady argues that: (1) he "was convicted of a single, non-violent financial offense . . . and received a [fifteen-month] sentence"; (2) he has a history of compliance "demonstrat[ing] complete respect for this Court's orders and prov[ing] that he can be safely managed on home

confinement with travel authorization"; (3) he "poses zero risk of violence or flight"; and (4) granting his request would allow him to receive necessary medical care, bury his mother, and assist his 88-year-old surviving father. (*Id.* at 3–4, Def.'s Reply 2.)

The Government argues that "the need for the sentence imposed to reflect the seriousness of the offense, . . . to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant . . . and the need to avoid unwarranted sentencing disparities . . . all support continuation of the Court's original sentence." (Gov't's Opp'n 8.) In support, the Government highlights Hlady's status as "a recidivist fraudster with a history of criminal conduct going back [twenty-five] years." (*Id.*)

The Court finds that the section 3553(a) factors do not support Hlady's release. First, Hlady received a fifteen-month sentence, despite an applicable guideline range of eighteen to twenty-four months. (Revised U.S. Prob. Off. Sentence Recommendation 3, annexed to PSR Addendum as Ex. 1, Docket Entry No. 141-1.) To grant Hlady compassionate release at this time — only five months into his sentence — would not further "the need for the sentence imposed [] to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A–B); *United States v. Albornoz*, No. 22-1818, 2023 WL 7391655, at *1–2 (2d Cir. Nov. 8, 2023) (summary order) (affirming the district court's denial of compassionate release in part because the defendant had already received a below-guidelines sentence); *United States v. Halliburton*, No. 20-CR-499, 2024 WL 3014179, at *2 (S.D.N.Y. June 13, 2024) (declining to reduce an already below-guidelines sentence); *see also United States v. Flaharty*, No. 98-CR-420, 2020 WL 6565139, at *1–2 (E.D.N.Y. Nov. 9, 2020) (denying compassionate release although the defendant had served over seventy-five percent of his sentence because the

section 3553(a) factors weighed in favor of continued confinement).

Second, the Court was aware of Hlady's benign brain tumor prior to sentencing, and Hlady provides no evidence indicating that his condition has worsened. In addition, a defendant's declining health is insufficient to grant compassionate release when the section 3553(a) factors do not otherwise favor release. *United States v. Israel*, No. 20-3461, 2021 WL 5782072, at *2 (2d Cir. Dec. 7, 2021) (summary order) (upholding a district court's denial of a motion for compassionate release despite the defendant's "debilitating and worsening medical condition" and "non-violent nature of his offense of conviction" because reducing the defendant's sentence "was not warranted after considering the § 3553(a) factors"); *United States v. Luviano*, No. 11-CR-1023, 2022 WL 4298696, at *4 (S.D.N.Y. Sep. 19, 2022) (explaining that the section 3553(a) factors were "largely unchanged since sentencing" and provide "an independent basis to deny" the defendant's motion for a reduction in sentence).

Third, Hlady has a history of noncompliance, demonstrated by his commission of wire fraud while on release after pleading guilty to Hobbs Act extortion conspiracy. *See United States v. Simon*, No. 18-CR-339-1, 2022 WL 17414349, at *4 (S.D.N.Y. Dec. 5, 2022) (declining to reduce a defendant's sentence in part because the defendant "continue[d] engaging in fraudulent conduct post-indictment."); *United States v. Ogbuokiri*, No. 20-CR-003-4, 2024 WL 3026559, at *9 (S.D.N.Y. June 17, 2024) (declining to reduce a defendant's sentence in part because "[e]ven after a prior conviction, and even after [the defendant's] arrest in this case, [he] continued to engage in fraudulent conduct").

The Court takes seriously the health issues of Hlady, the passing of his mother, and the well-being of his father, but these considerations alone are insufficient to grant his motion for compassionate release.

## III. Conclusion

For the foregoing reasons, the Court denies Hlady's motion for compassionate release.

Dated: October 30, 2026
Brooklyn, New York

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge